IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSÉ GUADALUPE CALDERÓN, | No. 2:19-CV-02346-JAM-DMC-P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| R. FISHER, JR., | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254. Instead of a determination of whether his detention is lawful, however, Petitioner seeks return of money that he alleges the Sacramento Police Department illegally confiscated. ECF No. 1 at 5–7. Pending before the Court is Respondent's motion to dismiss. ECF No. 12. Respondent argues (1) that the petition is successive and lacks proper authorization from the United States Court of Appeals for the Ninth Circuit, (2) that the petition is untimely, and (3) that Petitioner fails to state a cognizable claim for habeas corpus. Id. at 1. Petitioner has not filed a response. The Court concludes that Petitioner has failed to state a cognizable claim for habeas relief and recommends granting the motion to dismiss.

///

///

///

# I. BACKGROUND

## A. State Proceedings:

A jury convicted Petitioner of kidnapping for ransom, robbery, false imprisonment, and assault with a firearm. ECF 13-1 at 1. The jury found that Petitioner was armed with a handgun, and that the kidnapping victim suffered bodily harm and was confined in a manner exposing him to a likelihood of death. Id. at 1–2. The charges stemmed from Petitioner's involvement in the kidnapping of his former employer in 2003. Id. at 3–6. The trial court sentenced Petitioner to life in prison without the possibility of parole. Id. at 1.

Petitioner appealed his conviction to the California Court of Appeal. Id. at 2. The Court of Appeal reversed the conviction for false imprisonment but affirmed on all other grounds. Id. Petitioner's sentence was not affected. Id. The Supreme Court of California denied review. Id.

Petitioner apparently challenged his conviction in the Sacramento County Superior Court on April 16, 2012. ECF No. 1 at 3. Other than Petitioner listing the action in his petition, no documentation regarding the challenge has been submitted to the Court. Petitioner challenged his conviction on grounds of newly discovered evidence and factual innocence. Id. Ostensibly, the Superior Court rejected the challenge. See id.

On March 21, 2016, Petitioner filed a motion in the Superior Court for return of $634 that he alleges the Sacramento Police Department illegally seized during its investigation as part of the criminal case against him in 2003. ECF No. 1 at 8, 19–27. The Superior Court denied the motion, stating that the funds had been transferred to Sacramento County Id. at 40. Petitioner attempted to obtain the money from the County. Id. at 42. The County informed Petitioner that it had no record of the money, and that it would not transfer money absent a court order. Id. at 42, 44. The Superior Court denied another motion from Petitioner seeking return of the money. Id. at 46.

Petitioner, on June 5, 2016, also filed a motion with the Superior Court for the appointment of counsel in order to a prepare a motion for DNA testing under California Penal Code section 1405. Id. at 4. The Superior Court apparently denied the motion. See id. at 4. Petitioner appealed to the Court of Appeal. See id. After a complex procedural history, the Court of Appeal dismissed the matter as moot. See Calderon v. Superior Court, No. C088483, 2020 WL 3263772,

at *3 (Cal. Ct. App. June 17, 2020).

Petitioner subsequently filed a new habeas application in the Court of Appeal on May 10, 2019. ECF No. 13-2 at 3. He again raised the allegation that the Sacramento Police Department unlawfully seized his money during the 2003 investigation. See id. at 5, 10–17. The Court of Appeal denied the petition without comment. Id. at 1.

Finally, Petitioner filed a habeas petition in the Supreme Court of California on June 10, 2019. ECF No. 13-3 at 2. Petitioner's argument again centered on the allegation that the Sacramento Police Department illegally seized his property. Id. at 4, 9. The Supreme Court denied the petition. ECF No. 1 at 53. The Court did not comment other than to cite *In re Robbins* (1998) 18 Cal. 4th. 770, 780 (courts will not entertain untimely habeas petitions) and *In re Clark*, (1993) 5 Cal. 4th 750, 767–769 (courts will not entertain successive habeas petitions). Id.

**B. Previous Federal Habeas Corpus Petition:**

Petitioner filed a prior federal petition for a writ of habeas corpus on April 16, 2007. ECF No. 13-1 at 2. Petitioner claimed (1) that he was unconstitutionally forced to share an interpreter and lacked an interpreter for a portion of his trial, (2) that the trial court unconstitutionally erred in excluding expert testimony on eyewitness identification, (3) that the trial court erred in refusing to strike a bodily harm enhancement, and (4) that his sentence of life without possibility of parole constitutes cruel and unusual punishment. Id. at 6–7. This Court reviewed the merits of each of Petitioner's claims. Id. at 6–18. The Court rejected each claim and denied the petition for habeas relief. See id. at 18.

**II. DISCUSSION**

Petitioner seeks return of money that he alleges the Sacramento Police Department illegally confiscated during its 2003 investigation. See ECF No. 1 at 5–7. 19–26. Respondent urges this Court to dismiss the petition. ECF No. 12. Respondent argues that (1) the petition is successive and lacks authorization from the Ninth Circuit, (2) the petition is untimely, and (3) Petitioner fails to state a cognizable claim for habeas corpus. Id. at 1. Petitioner has not filed any opposition to Respondent's motion. The Court recommends granting the motion because Petitioner has failed to state a cognizable claim for habeas relief.

3

A. **<u>Petitioner Fails to State a Cognizable Claim for Habeas Relief</u>:**

A petition for a writ of habeas corpus is the vehicle through which prisoners may attack the fact or duration of their confinement. See Preiser v. Rodriguez, 411 U.S. 475, 484, 489–90 (1973); Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016). Habeas corpus has traditionally been limited to those challenges. E.g., Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979). If a prisoner is not seeking immediate or speedier release from confinement, habeas corpus is not the appropriate remedy. See id.; see also Martin v. City of Boise, 920 F.3d 584, 611 (9th Cir. 2019); Nettles, 830 F.3d at 927; Ramirez v. Galaza, 334 F.3d 850, 855 (9th Cir. 2003). If a prisoner, for example, wishes to challenge—or pursue damages related to—*conditions* of their confinement that do not implicate the validity of their incarceration, the appropriate mechanism is a civil rights action such as those under 42 U.S.C. § 1983. E.g., Nelson v. Campbell, 541 U.S. 637, 643 (2004); Ramirez, 334 F.3d at 855; see Nettles, 839 F.3d at 927.

Petitioner does not challenge the fact or duration of his confinement. See ECF No. 1 at 5–7, 17. He is not seeking an immediate or more expedient release from prison. See id. Petitioner seeks the return of property that he alleges the Sacramento Police seized from him unlawfully. See id. at 5–7, 17, 19–26. A writ of habeas corpus is accordingly not the appropriate remedy and Petitioner fails to state any claim for habeas relief. See, e.g., Muhammad v. Close, 540 U.S. 749, 750 (2004); Nettles, 839 F.3d at 927; Ramirez, 334 F.3d at 855; see also Bailey v. Hill, 599 F.3d 976, 978–79 (9th Cir. 2010).

To the extent that Petitioner's application might be recharacterized as a civil rights action under 42 U.S.C. § 1983, the undersigned recommends against recharacterization. Because Petitioner alleges that local police officials unlawfully deprived him of his property, the only claims he could realistically bring would be for unlawful search or seizure under the Fourth Amendment or for unconstitutional deprivation of property under the Due Process Clause of Fourteenth Amendment. See, e.g., United States v. Jones, 565 U.S. 400, 404–05 (2012); Bd. of Regents v. Roth, 408 U.S. 564, 569, 576–78 (1972). He does not plead either.[1]

---

[1] To Petitioner's credit, he includes as Exhibit 1 to his petition the motion he submitted to the Superior Court in 2016 seeking return of $634. ECF No. 1 at 18–27. The motion *does* broadly contend that the alleged taking of his property was unlawful under the Fourth and Fourteenth Amendments. Id. at 19. But the allegations therein primarily refer only

Moreover, there is no cognizable § 1983 claim for deprivation of a property interest if the state provides an adequate post-deprivation remedy. See, e.g., Zinermon v. Burch, 494 U.S. 113, 129–32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994). California law, through the California Torts Claims Act, provides an adequate post-deprivation remedy for property deprivations. E.g., Barnett, 31 F.3d at 816–17 (citing Cal. Govt. Code §§ 810–95).

**B. Second or Successive Petitions:**

The Antiterrorism and Effective Death Penalty Act (AEDPA), under 28 U.S.C. § 2244, imposes strict procedures on prisoners in custody under a State court judgment and who wish to challenge that custody in a "second or successive petition." See, e.g., Burton v. Stewart, 549 U.S. 147, 152–53 (2007); Chades v. Hill, 976 F.3d 1055, 1056 (9th Cir. 2020). AEDPA bars claims "presented in a second or successive habeas corpus application . . . that [were] presented in a prior application . . . ." 28 U.S.C. § 2244(b)(1). It also bars claims that were *not* raised in a prior application unless one of two exceptions exist. 28 U.S.C. § 2244(b)(2)(A)–(B). The new claim must either (1) rely on a new rule of constitutional law that the U.S. Supreme Court has made retroactive to cases on collateral review, or (2) the factual predicate of the new claim could not have been discovered earlier through the exercise of due diligence and the new claim, if proven, establishes innocence. Id. Before a petitioner may file a second or successive petition, the petitioner must seek an order from the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(3)(A); Chades, 976 F.3d at 1056–57. Without authorization from a court of appeals, the district court lacks jurisdiction to consider a second or successive petition and must dismiss it. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2000); see Burton, 549 U.S. at 152–53. Here, Petitioner would have to seek authorization to file a second or successive habeas application from the Ninth Circuit. See Jones v. Ryan, 733 F.3d 825, 842 (9th Cir. 2013).

---

to the Sacramento Police Department collectively and Petitioner simply lists a litany of reasons that the Department should have been aware that the $634 was legally his and not a product of the kidnapping. Id. at 20–25. Even if construed as a part of a complaint under § 1983, the allegations are vague and conclusory and do not sufficiently put individual defendants on notice of claims against them. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)); Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).

"Second or successive," however, does not refer to the individual claims raised, as Petitioner argues. See Magwood v. Patterson, 561 U.S. 320, 331–34 (2010). Section 2244's limitations apply to habeas *applications* under 28 U.S.C. § 2254; specifically, "application[s] for a writ of habeas corpus on behalf of a person in custody pursuant to the *judgment* of a State court . . . ." Magwood, 561 U.S. at 332 (quoting 28 U.S.C. § 22549(b)(1)). Prisoners applying for relief under § 2254 seek invalidation of the *judgment* authorizing their incarceration, not the claims they raise on petition. Id. If a district court grants relief, it is the state court judgment that is invalidated and a new judgment that States may seek. Id. at 332–33. A federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition and if the petition challenges the *same* state court judgment as the initial petition. See id. at 331–34; Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018). In other words, a petition is second or successive if it contests the same custody imposed by the same judgment of a state court. See Magwood, 561 U.S. at 331–34; Brown, 889 F.3d at 667; see also Burton, 549 U.S. at 153.

A second petition can only be successive if the first petition was resolved on the merits. See McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). A disposition is on the merits if the district court considers and rejects the claims or determines that the claims cannot be considered in federal court. McNabb, 576 F.3d at 1029. Resolution of a petition on procedural grounds, such as failure to exhaust state remedies, that leave open the possibility of further litigation is not resolution on the merits. McNabb, 576 F.3d at 1029; see Goodrum v. Busby, 824 F.3d 1188, 1193–94 (9th Cir. 2016). But dismissal of a first petition with prejudice because of a procedural default that forecloses review by federal courts *is* an adjudication on the merits. McNabb, 576 F.3d at 1029. Dismissal, for instance, of a first habeas petition because it is untimely is a permanent bar to federal review of the underlying claims and constitutes resolution on the merits. Id. at 1030.

1. ***Plaintiff's Petition is Not Second or Successive*:**

Respondent theorizes that although Petitioner did not raise the present claim in his previous federal petition, any factual predicate for his claim existed in 2007. ECF No. 12 at 4. Thus, Respondent argues, because claims where the factual predicate existed at the time of the first habeas

petition qualify as second or successive, the instant petition is successive. Id. Petitioner must consequently obtain authorization from the Ninth Circuit to file the petition in district court. Id.

Petitioner's "petition," though, presents a more complex procedural posture than Respondent concedes. Firstly, as discussed above, Petitioner fails to state a cognizable claim for habeas relief; presumably, his application does not even qualify as a habeas petition at all. Secondly, Petitioner states, on the standard § 2254 habeas petition form, that he challenges the 2003 Superior Court judgment authorizing his incarceration. ECF No. 1 at 1. But what Petitioner actually challenges is the Sacramento Police Department's allegedly unlawful seizure of property. See id. at 5–7. 19–26. Arguably, he also effectively challenges the prior state court judgments denying his motions for return of his property. See id. at 4–8, 40–46 (discussing or exhibiting court denials of Petitioner's attempts to have money returned to him).

Were Petitioner challenging the same judgment authorizing his incarceration as he did in his 2007 habeas petition, his petition (assuming it *is* a habeas petition) would be second or successive for the purposes of § 2244. See, e.g., Magwood, 561 U.S. at 331–34; Brown, 889 F.3d at 667. The Court reviewed each of Petitioner's claims, analyzed them, and rejected them. ECF No. 13-1 at 6–18. The Court's review and rejection of Petitioner's claims was an adjudication on the merits, as required to make a later petition second or successive. McNabb, 576 F.3d at 1029. But Petitioner does not challenge the same judgment authorizing his incarceration as he did in his 2007 petition. See ECF Nos. 1, 13-1. Petitioner's "petition" thus cannot be second or successive. See Magwood, 561 U.S. at 331–34; Brown, 889 F.3d at 667.

C. **The Timeliness of Petitioner's Application is Moot:**

AEDPA imposes strict time limitations on challenges to state court convictions. See 28 U.S.C. § 2244(d)(1)(A). Prisoners have one year from the date on which the judgment incarcerating them becomes final to file a habeas petition. Id. Because Petitioner does not state a cognizable claim for habeas relief, however, the consideration of timeliness is moot.

///

///

///

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (ECF No. 12) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 4, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE